### (Supreme Court, Special Term, Fulton County.  April, 1906.)

1. GUARDIAN AND WARD—SALE OF WARD'S LAND—REFERENCE.
    Where a referee is appointed, under Code Civ. Proc. § 2354, on an application by a guardian for the sale of infants' real estate, his report is not binding on the court.
    [Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guardian and Ward, § 347.]

2. SAME.
    On an application to sell the real estate of certain infants, their mother, who was the administratrix of their father's estate in New Jersey, testified that he left $2,000, which was invested in a mortgage, in addition to the real estate, that she had received $2,000 income from his property since his death, and that after deducting expenses and her dower share there remained a balance of $667.14 belonging to the infants, and she also credited herself with $1,300 for their support for five years, claiming a balance due of $632.86.  Held, that a finding by the referee that said sum was a valid claim and should be paid by a sale of the property will not be confirmed; the court being without jurisdiction to adjudicate a claim based on her dealings as administratrix with the estate of her husband in New Jersey.

Application for the sale of the real property of Gertrude Wyckoff and Katherine Wyckoff, infants.  Application granted.

E. D. Howe, for petitioner.

Frank R. Keeshan, special guardian, for infants.

SPENCER, J.  The infants, aged nine and ten years, respectively, reside with their mother in the state of New Jersey.  Their deceased father left real estate in the cities of New York and Brooklyn, and also a summer cottage on Lake George, in Warren county.  Their uncle, C. B. Snyder, a resident of Columbia county, is the petitioner, and asks for the sale of the last-mentioned parcel on the ground, among other things, for the payment of their debts.  The only debt which the infants are said to owe is a claim made by their mother, Mary A. Wyckoff, for their support since the death of their father.  The application, pursuant to section 2354 of the Code of Civil Procedure, was sent to a referee to inquire into the merits, and his report is now before the court for confirmation.  He finds, among other things, that the infants are indebted to their mother in the sum $632.86 for maintenance and support for the last five years, and that the same is a valid, legal, and equitable claim, and should be paid out of the proceeds of the sale of the property described in the petition.

I am of the opinion that this part of the report should not receive confirmation.  It appears from the testimony upon which the finding is based that the mother is the administratrix of the father's estate in the state of New Jersey; that, in addition to the real estate, the father left $2,000 personal property, which remains invested in a mortgage; that since his death she has received the income from the real estate and personal property, amounting to about $2,000; that, after deducting expenses, taxes, and one-third part as her dower share, there remains a balance of $667.14 belonging to the infants.  She credits her-

self with the sum of $1,300 for their support and claims a balance ow-
ing to her of $632:86.   It is evident from the testimony that the mother
has employed the income derived from the real and personal estate in
the support of herself and children.   Upon a settlement of her ac-
counts as administratrix she would undoubtedly be allowed a reason-
able credit for the money thus expended in behalf of the children.   But
this court, in these proceedings, has no jurisdiction to settle her ac-
counts as such administratrix.   That must be accomplished in the
forum of her residence and appointment.   Her statement of receipts
and disbursements made to the referee is not accompanied by any
vouchers.   The finding of the referee in her favor rests upon her un-
supported statement, expressed in the most general terms and giving
only gross amounts, without particulars.   The accounts of an admin-
istrator or executor could not be passed in this manner in any court of
which I have knowledge.

But it is said that no objection is made by the guardian against the
claim, and therefore the court should allow it.   The case of Wilkes
v. Rogers, 6 Johns. 566, is cited as an authority for this proposition.
It is true that in that case the chancellor refused to allow the mother's
claim for the support of her infant children, although not excepted to
by the guardian, and such decision was reversed by the Court of Er-
rors; that court holding that, when the chancellor appointed a guardian,
his full duty to the infant was performed, and that he could not set
aside a report not excepted to by the guardian, although convinced that
it was not just to the infant, the court remarking:

"He cannot act as judge and guardian at one and the same time."

I cannot think this rule prevails in proceedings under our statute for
the sale of infants' real estate.   The report of the referee is not bind-
ing upon the court.   The referee simply returns the testimony with
his opinion, and it is left for the court to determine whether a proper
case has been made or not.   Without, therefore, passing upon the im-
portant and interesting question whether a claim by a mother for the
past support of her infant children may constitute a debt for the pay-
ment of which their real estate may be sold under the provisions of
the statute, I decline to confirm that part of this report, in so far as
it allows such claim, on the ground that the court has no jurisdiction
to adjudicate a claim in her behalf, based in whole or in part upon her
dealings as administratrix with the estate of her husband in a foreign
jurisdiction.   Manifestly some part of the infants' support has been
met by funds belonging to the estate; and, in order to determine what,
if anything, is owing from them to her, it is necessary to adjudicate
respecting her accounts as such administratrix.   Such an adjudica-
tion this court should not attempt.   The failure of the guardian to
resist the allowance of the claim might excuse, but will not justify,
the court in making such a determination.   The motion, therefore, to
confirm such parts of said report as allow the aforesaid claim, either
directly or indirectly, is denied.

But, as it sufficiently appears from the testimony and the report of
the referee that it will be for the best interests of the infants to sell the

property described in the petition, for the reason that the personal property and the income of their real estate is insufficient for their support and education, an order may be made confirming the report of the referee in these respects and directing the guardian to contract for the sale of the real estate in accordance with the terms specified in said report, the proceeds to be invested for the benefit of the infants and to be used for their maintenance and education as the court may from time to time direct.

Ordered accordingly.